

**IT IS ORDERED as set forth below:**

**Date: August 23, 2017**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| In re: | | CASE NUMBER: |
|---|---|---|
| **1278 VILLAGE RUN TRUST,** | | **17-59905-PMB** |
| Debtor. | | CHAPTER 7 |

## ORDER DENYING MOTION TO RECONSIDER DISMISSAL ORDER

On August 5, 2017, the Debtor filed a *Request for Reconsideration of Order Dismissing Case* (Docket No. 25) (the "Motion"). The above-captioned case was dismissed on July 26, 2017, pursuant to the *Order Dismissing Case* (Docket No. 23) (the "Dismissal Order"), after a hearing was held on July 26, 2017, at 9:30 a.m. (the "Hearing") on the Court's *Order Granting Motion for Extension of Time and Order and Notice to Show Cause why Case Should Not Be Dismissed* (Docket No. 10) (the "Show Cause Order").[1]

---

[1] Although the Debtor also filed a *Notice of Appeal* on August 8, 2017 (Docket No. 27) (the "Notice of Appeal"), pursuant to Federal Rule of Bankruptcy Procedure 8002(b)(2), because the Motion was filed timely, this Court retains jurisdiction to rule on the Motion, and the Notice of Appeal is only effective once this Court has resolved the Motion with this Order.

As a general matter, motions to alter or amend judgments pursuant to Federal Rule of Civil Procedure ("FRCP") 59 are "disfavored and granted sparingly; relief is only given where there is newly discovered evidence or to correct manifest errors of law or fact upon which the judgment was based."[2] Howard v. Nano, Case No. 3:11CV366/MCR/CJK, 2012 WL 3668045, at *1 (Bankr. N.D. Fla. Aug. 25, 2012) (citing Krstic v. Princess Cruise Lines, Ltd., 706 F.Supp.2d 1271, 1282 (S.D. Fla. 2010); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). Newly discovered facts or evidence must be something that existed prior to the judgment but not discoverable after reasonable due diligence. In re Alexander SRP Apartments, LLC, 2012 WL 1910095, at *2 (Bankr. S.D.Ga. 2012). Only "clear and obvious error[s] which the interests of justice demand that [the court] correct" are the proper subject of a motion filed pursuant to FRCP 59. Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985). Further, FRCP 59 does not provide a mechanism for a party to make an argument or present evidence that could have been made or presented prior to the court entering judgment. See Discrete Wireless, Inc. v. Coleman Techs., Inc., 422 Fed. App'x 777, 779 (11th Cir. 2011).

A motion made under FRCP 60, incorporated in FRBP 9024, generally has the same standard as a motion made under FRCP 59. See Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992). The one main exception to that principle is for a motion made under FRCP 60(b)(6), which provides that a court can reconsider a judgment for any "reason that justifies relief." That relief requires a showing of exceptional circumstances. In re Mathis, 465 B.R. 325, 331 (Bankr. N.D. Ga. 2012) (Diehl, J.) (citing SEC v. Simmons, 241 Fed. App'x 660, 662-63 (11th Cir. 2007). However, as stated above regarding a motion under FRCP 59, those exceptional circumstances

---

[2] FRCP 59 is incorporated in bankruptcy in Federal Rule of Bankruptcy Procedure ("FRBP") 9023.

2

must also be based on an argument that could not have been made prior to the entry of the judgment.  See id. (holding that "attorney or party negligence in timely filing an answer does not constitute an exceptional showing.") (citing Simmons, 241 Fed. App'x at 662-63 (citing Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc., 803 F.32d 1130, 1133 (11th Cir. 1993))).

Similarly, a motion made under FRCP 52, incorporated in FRBP 7052 has a nearly identical standard as FRCP 59 & 60, if it is filed *after* a judgment has been entered.  See In re Reading Broad., Inc.. 386 B.R. 451, 566 (Bankr. E.D.Pa. 2008) (citations omitted); In re Ryan, 2008 Bankr. LEXIS 856, at *5-6 (Bankr. D. Or. Mar.19, 2008); In re Skinner, 2008 Bankr. LEXIS 2021, at *12-14 (Bankr. D. Or. July 8, 2008); 10-7052 COLLIERS ON BANKRUPTCY ¶ 7052.03 (Alan N. Resnick & Henry J. Sommer, 16th ed. 2017).

Having reviewed the Motion and included brief, filed after entry of the Dismissal Order, none of the arguments that were set forth are arguments that were not or could not have been made at the Hearing.   No new facts were presented, and no new interpretation of the law was presented. Instead, the Motion was just an attempt to re-litigate the same arguments that were made at the Hearing.   Pursuant to Discrete Wireless, the Motion does not set forth a valid basis for the Court to reconsider the Dismissal Order under FRCP 52, 59, or 60.

Accordingly, in light of the foregoing, it is

**ORDERED** that Motion is **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Chapter 7 Trustee, the Acting United States Trustee, all creditors, and all parties requesting notice.

**[END OF DOCUMENT]**